UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON WORKMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-408** |
| **CORRECTHEALTH, LLC** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Judgment (Doc. #17) is **DENIED**.

This matter is before the court on plaintiff's motion to amend this court's April 19, 2012, judgment dismissing his claims arising under 42 U.S.C. § 1983 against Correcthealth, LLC. In his motion to amend, plaintiff argues that the court erred in dismissing his suit because he alleged a state-law negligence claim against Correcthealth in addition to his § 1983 claims. Plaintiff contends that he alleged a state-law claim for negligence in paragraph 9 of his complaint, which states:

> As a result of defendant's negligence and deliberate indifference to plaintiff's medical needs in their failure to timely and adequately treat plaintiff, plaintiff's spider bite became infected, required hospitalization and surgery, resulting in scarring and permanent disability. Plaintiff suffered physical pain and mental anguish past and future. Plaintiff is entitled to all damages, including those pursuant to 42 U.S.C. § 1983, plus attorney's fees.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter

or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. PRO. 59(e).  Because plaintiffs filed the instant motion on April 19, 2012, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).  The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).  "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581.   "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

When reviewing plaintiff's complaint in its entirety, it is apparent that he stated claims under § 1983, and not state law.  In paragraph 2, plaintiff alleges that Correchealth is "subject to liability under § 1983, and acted under the color of state law."  In paragraphs 3 and 7, he alleges that he was deprived of constitutional rights guaranteed by the 8th and 14th Amendments to the Constitution of the United States. Further, the complaint contains numerous references to "deliberate indifference" and "under the color of state law," which are key phrases in § 1983 jurisprudence involving inmate medical care. See 42 U.S.C. § 1983; Bishop v. Karney, 2001 WL 165448 (5th Cir. 1/19/11); Estelle v. Gamble, 97 S.Ct. 285, 291 (1976).  Although in paragraph 9, plaintiff mentions the word "negligence," he did not specify anywhere in the complaint that he was stating a claim for negligence under Louisiana law.  Therefore, plaintiff's motion to amend is DENIED.

New Orleans, Louisiana, this  16th  day of May, 2012.

*[signature]*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**